UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DAVID M.,[1]<br><br>        Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br><br>        Defendant. | Case No. 20-cv-06747-RMI<br><br>**ORDER**<br>Re: Dkt. Nos. 20, 27, 28 |

Pending before the court in this Social Security case are two competing remand motions: Plaintiff's Motion for Summary Judgment, which seeks remand for the immediate payment of benefits; and Defendant's Motion for Remand, which seeks further record development. *Compare Pl.'s Mot.* (dkt. 20) at 15, 22 *with Def.'s Mot.* (dkt. 27) at 14. Both Parties consent to the jurisdiction of a magistrate judge (dkts. 6, 7), the Administrative Record[2] has been filed, all briefing is complete, and the case is now ripe for decision. For the reasons stated below, Plaintiff's motion is granted, and Defendant's motion is denied.

On August 26, 2018, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, alleging an onset date of August 1, 2018. *See AR* at 15, 133, 159. Following various administrative proceedings, Plaintiff's application was denied by the written decision of an administrative law judge ("ALJ") on

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

[2] The Administrative Record ("AR"), which is independently paginated, has been filed in several parts as a number of attachments to Docket Entry #14. *See* (dkts. 14–1 through 14–19).

December 21, 2018. *Id*. at 15. Thereafter, Plaintiff's request for further review was denied by the Appeals Council on August 20, 2020 (*see id*. at 1, 5), after which he sought review in this court. *See Compl*. (dkt. 1) at 1–2.

As to Plaintiff's application, the ALJ made the following findings: (1) that he meets the insured status requirements of the Social Security Act through December 31, 2022; (2) that he had not engaged in substantial gainful activity since August 1, 2018 (the alleged onset date); (3) that he suffers from two severe impairments—subarachnoid hemorrhage (i.e. a stroke) and diabetes mellitus with neuropathy; (4) that he does not have an impairment or combination of impairments that meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; (5) that he retains the residual functional capacity ("RFC") to perform light work—excluding exposure to workplace hazards, bending forward repetitively, and operating a motor vehicle; (6) that he has no past relevant work; (7) that, based on Plaintiff's RFC and the testimony of the vocational expert ("VE"), Plaintiff could not perform his past work as a contractor, but had "acquired work skills . . . that are transferable" to the single skilled occupation of "estimator"; and, (8) that Plaintiff has not been under a disability between his alleged onset date and the date of the ALJ's decision in December of 2019. *See AR* at 17–25.

The ALJ's factual findings are not in dispute: Plaintiff was a contractor that suffered a stroke in August 2018 (*see AR* at 19, 23, 97, 115); the stroke left him with physical and mental impairments, such as poor short-term memory, headaches, dizziness with movement, and an abnormal walk (*see AR* at 19, 23, 101, 201–03); and he was fifty-nine years old as of the alleged onset date, and sixty-one years old as of the ALJ's decision (*see AR* at 23, 25). Instead, the parties dispute Plaintiff's disability status based on their competing interpretations of Medical–Vocational Guideline 202.00(c) ("grid rule 202.00(c)"). Plaintiff argues that the rule accounts for skilled occupations only, whereas Defendant argues that it accounts for both skilled and unskilled occupations. *Compare Pl.'s Mot.* (dkt. 20) at 15–16 *with Def.'s Mot*. (dkt. 27) at 13–15.

The Medical-Vocational Guidelines, or "the grids," are a "short-hand method for determining the availability and numbers of suitable jobs for a claimant." *Maxwell v. Saul*, 971 F.3d 1128, 1130 (9th Cir. 2020). Based on a claimant's functional capacity, age, education, and

2

work experience, the grids direct a determination that the claimant is either "disabled" or "not disabled." *Id*. "Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." *Id*. (quoting *Lounsburry v. Barnhart*, 468 F.3d 1111, 1115 (9th Cir. 2006)). "[W]here application of the grids directs a finding of disability, that finding must be accepted by the Secretary." *Maxwell*, 971 F.3d at 1131 (quoting *Cooper v. Sullivan*, 880 F.2d 1152, 1157 (9th Cir. 1989)).

Grid rule 202.00(c) governs cases like Plaintiff's, where a claimant "is limited to light work, has reached 'advanced age' (55 years and older), can no longer perform [his or her] past relevant work, and has a transferable skill." *Maxwell*, 971 F.3d at 1131; *see also Lounsburry*, 468 F.3d at 1116. The rule states:

> [F]or individuals of advanced age who can no longer perform vocationally relevant past work and who have a history of unskilled work experience, *or who have only skills that are not readily transferable to a significant range of semi-skilled or skilled work that is within the individual's functional capacity* . . . the limitations in vocational adaptability represented by *functional restriction to light work* warrant a finding of disabled.

20 C.F.R. Part 404, Subpart P Appendix 2, § 202.00(c) (emphasis added). "In other words, if [] a claimant's skills are not readily transferable to a 'significant range of . . . work,' the ALJ must find [him or her] disabled." *Maxwell*, 971 F.3d at 1131. The Ninth Circuit has determined that "[o]ne occupation does not constitute a significant range of work" because Social Security Ruling 83-10 defines the phrase "range of work" as "[o]ccupations existing at an exertional level." *Lounsburry*, 468 F.3d at 1117; *see also Maxwell*, 971 F.3d at 1131 (holding that two occupations are also insufficient).

Defendant argues that remand is necessary for two reasons: (1) unskilled work *is* part of grid rule 202.00(c) analysis, and since the VE testified that Plaintiff could perform several unskilled occupations—such as "ticket seller," "routing clerk," and "collator operator" (*AR* at 118–19)—Plaintiff's skills do transfer to a significant range of work and thus preclude him from disability under the grid rule (*see Def.'s Mot.* (dkt. 27) at 13); and, (2) that individuals skills may count as individual skilled occupations, and since Plaintiff retained several skills from his prior work—such as "analyzing blueprints," "preparing bids," and "working with contractors" (*AR* at

3

23–24)—Plaintiff may access a "significant range of semi-skilled or skilled work" (*see Def.'s Mot.* (dkt. 27) at 14). Defendant's first argument is incorrect because the plain text of grid rule 202.00(c) addresses skilled and semi-skilled work—not unskilled work. *See Lounsburry*, 468 F.3d at 1117; *see also Maxwell*, 971 F.3d at 1131. This makes sense because "[a] person has no special advantage if he or she is skilled or semi-skilled but can qualify only for an unskilled job because his or her skills cannot be used to any significant degree in other jobs." Social Security Ruling 82-41 § 2(a); *Silveira v. Apfel*, 204 F.3rd 1257, 1260 (9th Cir. 2000); *see also, e.g., Lounsburry*, 468 F.3d at 1116–18 (omitting unskilled work from grid rule 202.00(c) analysis); *Maxwell*, 971 F.3d at 1130–32 (omitting the same); *Barnes v. Berryhill*, 895 F.3d 702, 707 (9th Cir. 2018) (omitting the same); *Caldwell-Grant v. Berryhill*, No. 15-16919, 691 F. App'x 353 (9th Cir. May 18, 2017) (omitting the same). Even the ALJ recognized that unskilled work is irrelevant to the grid rule, citing only the skilled occupation of estimator in her analysis. *See AR* at 24. Defendant's second argument, that the individual skills that make up the occupation of estimator can be broken down and substituted as independent occupations, is without merit and requires no further discussion.

Plaintiff meets the requirements of Medical-Vocational Guideline 202.00(c): he is limited to light work (*AR* at 18); he is of advanced age because he exceeded the fifty-five-year-old threshold at the alleged onset date and at the time of the ALJ's decision (*AR* 23, 217; 20 C.F.R. Part 404, Subpart P Appendix 2, § 202.00(d)); his RFC precludes his past work as a contractor, but he retains some transferable skills (*AR* 18, 23–24, 116–17); and his transferrable skills align with just one skilled occupation—the job of "estimator" (*AR* at 24, 117). Thus, Plaintiff is disabled under Medical-Vocational Guideline 202.00(c) and is eligible to receive disability insurance benefits as a matter of law.

The case is remanded with instructions for the payment of benefits for the period following Plaintiff's alleged onset date of August 1, 2018. "[T]he record has been fully developed and further administrative proceedings would serve no useful purpose." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Maxwell*, 971 F.3d at 1132. The VE concluded that there was precisely one occupation Plaintiff could pursue. Thus, there is no need for further factfinding as to whether Plaintiff could pursue more than one occupation, and, accordingly, there is no "serious

4

doubt that [Plaintiff] is, in fact, disabled." *Garrison*, 759 F.3d at 1021; *see also Maxwell*, 971 F.3d at 1132. As in *Lounsburry*, "the ALJ committed legal error because Rule 202.00(c) of the Medical–Vocational Guidelines, as applied to the ALJ's uncontested findings of fact, directs as a matter of law a determination that [Plaintiff] is disabled." 468 F.3d at 1112; *see also Maxwell*, 971 F.3d at 1132.

**IT IS SO ORDERED.**

Dated: March 25, 2022

ROBERT M. ILLMAN
United States Magistrate Judge